**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10436 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00888-NVW |
| v. | |
| JOSE LUIS MERAZ, a.k.a. Samuel Cruz Rivas, a.k.a. Abel Salazar, Jr., a.k.a. Jose Luis Zaldivar-Meraz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jose Luis Meraz appeals from the district court's judgment and challenges

the 12-month sentence imposed following his guilty-plea conviction for reentry of

a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Meraz contends that the government breached the plea agreement when it argued in favor of a sentence at the high end of the Guidelines range to which the parties had stipulated. Because the district court rejected the plea agreement, the government was not bound by the agreement. *See United States v. Kuchinski*, 469 F.3d 853, 857-58 (9th Cir. 2006). In any event, there was no breach because the government did not attempt to influence the district court "to impose a harsher sentence than the one to which the government agreed in the plea agreement to recommend." *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006).

Meraz also contends that the district court procedurally erred by failing to explain adequately the sentence in light of Meraz's specific arguments based on the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Moreover, the district court did not abuse its discretion in imposing Meraz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Meraz contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Meraz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances , including Meraz's criminal history. *See id.*

**AFFIRMED.**